UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHRISTOPHER WALLACE MATIAOS,

Plaintiffs,

v.

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, OFFICE FOR CIVIL RIGHTS,

Defendant.

Civil No. 02-26 (ADM/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the IFP application be denied, and that the action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted, or if the plaintiff is seeking money damages from a party who is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in

FILED JAN 0 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

In this case, Plaintiff is attempting to sue the U.S. Department Of Health And Human Services Office For Civil Rights for alleged violations of his federal constitutional rights. He claims that Defendant has not adequately investigated certain complaints that he has filed, which pertain to his relationship with his seven year old son. The substantive allegations of Plaintiff's complaint, repeated verbatim, are as follows:

> "Plaintiff is the father of a seven (7) year old boy namely Benjamin Ingberg who Plaintiff has had no emotional, social, and economical relationship with, and has never seen, because of serious wrong(s) inflicted by, and hostilities of exclusively a Child support system against the Plaintiff. Defendant who has authority to investigate and resolve such complaints has accepted the written complaints of the Plaintiff, has unfairly pursued those complaints since March of the 2000 year, and specifically has failed to consider evidence of the Plaintiff namely thirty two (32) audio tape recordings that Plaintiff alleges supports the Plaintiff complaints. [¶] Defendant is aware that Plaintiff has a past court record of serious mental and emotional problems. Defendant is aware that the wrongs and hostilities that Plaintiff has complained has and continues to cause the Plaintiff mental and emotional distress and other symptoms. [¶] Finally, Defendant is aware that any relief for the Plaintiff, including suit in equity or other proper redress, is solely dependent on compliance of Defendant with their investigation and resolution procedures, and consideration of the Plaintiff evidence."

(Complaint, [Docket No. 1], pp. 1-2.)

Plaintiff is asking the Court "to order any relief that could be equitable or just." (Id., p. 2.)

Plaintiff apparently is attempting to bring this action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which allows citizens to seek relief for violations of their constitutional rights caused by parties acting

---

fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)), or where the named Defendant has immunity, (§ 1915(e)(2)(B)(iii)).

under color of federal law.[2] It is well-settled, however, that Bivens allows a plaintiff to sue only individuals who allegedly violated his or her constitutional rights while acting under color of federal law. Bivens does not authorize suits directly against the United States or any of its agencies for alleged constitutional misconduct. Schutterle v. United States, 74 F.3d 846, 848 (8th Cir.), cert. denied, 517 U.S. 1210 (1996); Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983).

The federal government itself cannot be sued in a Bivens action, because it is immune from such suits under the doctrine of sovereign immunity. See Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991). The United States and its agencies, such as the U.S. Department Of Health And Human Services Office For Civil Rights, can be sued only if the federal government has waived its immunity. Id. Furthermore, any such waiver must be "expressed unequivocally" by Congress. Id. Plaintiff has not cited, and the Court is not aware of, any express congressional authorization for a suit such as the one that Plaintiff is attempting to bring here. Thus, the Court concludes that Plaintiff's present attempt to sue the U.S. Department Of Health And Human Services Office For Civil Rights under Bivens (or under any other legal theory) is barred by the doctrine of sovereign immunity.

---

[2] Plaintiff's complaint refers to 42 U.S.C. § 1983, but that statute is clearly inapplicable here, because Plaintiff is not seeking relief from any state actor. A claimant who seeks relief from a federal actor for alleged violations of his constitutional rights must proceed under Bivens. See Christian v. Crawford, 907 F.2d 808, 810 (8th Cir. 1990) ("[a]n action under Bivens is almost identical to an action under § 1983, except that the former is maintained against federal officials while the latter is against state officials"). Plaintiff's complaint will therefore be construed as an attempt to bring a Bivens action.

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Dated: January 8th, 2002

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.